

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 17, 1960

Mr. James H. Garner
State Coordinator
Division of Defense &
 Disaster Relief
Austin, Texas

Opinion No. WW-804

Re: Constitutionality of the
provisions of Section 4
and Section 6 of Division
of Defense and Disaster
Relief Model City Ordin-
ance for Municipal Civil
Defense.

Dear Mr. Garner:

Your letter dated December 17, 1959, requests an opinion of this office on the constitutionality of Section 4 and Section 6 of your Model City Ordinance for Municipal Civil Defense.

Section 1 of the Model City Ordinance creates a Municipal Civil Defense and Disaster Relief Committee. It further states that the mayor of the city shall serve as chairman of this Committee and shall also be known as Muni-cipal Defense Coordinator of the city.

The two sections of which we are concerned are:

"Section 4. The office of Municipal Defense Coordinator is hereby created. The Municipal Defense Coordinator shall have the authority to request the declara-tion of the existence of an emergency by the City Council or by higher authority. In the event it is deemed necessary to de-clare the existence of an emergency without delay, the Coordinator may, if the City Council is not in session, do so, but such action shall be subject to confirmation by the City Council at its next meeting."

"Section 6. Each person serving as a member of the Municipal Civil Defense and Disaster Relief Committee, or as an officer, employee, or volunteer in any capacity in the Municipal Civil Defense

and Disaster Relief Organization created
by resolution or directive pursuant to the
authority herein conferred, shall, prior
to assuming their duty or duties, take an
oath which shall be substantially as fol-
lows:

"'I, _____, do solemnly swear (or
affirm) that I will support and defend the
Constitution of the United States and the
Constitution of the State of Texas, against
all enemies, foreign and domestic; that I
will bear true faith and allegiance to the
same; that I take this obligation freely,
without any mental reservation or purpose
of evasion; and that I will well and faith-
fully discharge the duties upon which I am
about to enter. And I do forever swear (or
affirm) that I do not advocate, nor am I a
member or an affiliate of any political party
or organization, group or combination of per-
sons that advocates the overthrow of the
Government of the United States or of this
State by force or violence; and that during
such time as I am a member of the County Civil
Defense and Disaster Relief Committee of the
County of _____ I will not advocate nor
become a member or an affiliate of any organi-
zation, group, or combination of persons or
of any political party that advocates the
overthrow of the Government of the United
States or of this State by force or violence.'"

The question of the constitutionality of these two
Sections arises under Section 40 of Article XVI of the Texas
Constitution because of the possibility of the Mayor as Muni-
cipal Defense Coordinator, or any other appointee in the pro-
gram, being classified as holding a public office.

Section 40 of Article XVI of the Constitution of
Texas reads in part as follows:

"No person shall hold or exercise at
the same time, more than one civil office
of emolument. . . ."

The definition given by Black's Law Dictionary, Fourth Edition, page 616, defines "emolument" as the profit arising from office or employment; that which is received as a compensation for services, or which is annexed to the possession of office as salary, fees and perquisites; advantage, gain, public or private. Webster's New International Dictionary: Any perquisite, advantage, profit or gain arising from the possession of an office.

One Texas case has defined the term "emolument" as a pecuniary profit, gain or advantage. Irwin v. State, 177 S.W.2d 970 (1944).

The office of mayor is a civil office. If the law, by city ordinance or otherwise, authorizes a salary or other pecuniary benefit to the office holder, then it is determined to be a civil office of emolument.

The performance of the duties of Municipal Defense Coordinator is not the holding of an office of emolument. There is nothing in the Model City Ordinance that grants compensation to the Municipal Defense Coordinator. The functions of Municipal Defense Coordinator would in effect only be additional duties to be performed by the Mayor in the execution of the duties of his office.

Therefore, since the Mayor of a city in holding the office of mayor and in acting as Municipal Defense Coordinator would not be holding more than one "civil office of emolument," same would not be prohibited by Section 40 of Article XVI of the Constitution of Texas.

In addition, we think there is no common law incompatibility involved in the Mayor's acting as Municipal Defense Coordinator.

### SUMMARY

The Mayor of a municipality may at the same time serve as the Municipal Defense Coordinator of that City.

Yours very truly,

WILL WILSON
Attorney General of Texas

By James M. Farris
James M. Farris
Assistant

JMF:mfh

Mr. James H. Garner, page 4 (WW-804).


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman


Charles D. Cabaniss

Tom I. McFarling

J. Arthur Sandlin

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore